**POGUST MILLROOD, LLC**
Tobias L. Millrood, Esquire
Michael G. Daly, Esquire
Attorney I.D. No.  77764/309911
161 Washington Street, Suite 250
Conshohocken, PA 19428
Tel: (610) 941-4204
tmillrood@pogustmillrood.com
mdaly@pogustmillrood.com
*Attorney for Plaintiffs*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JULIE CARRO and JOSEPH CARRO,** Wife and husband | : : : : : : : : : | CASE NO._____ |
| *Plaintiffs,* | : : : : | |
| v. | : : : : | |
| **SPLIT ROCK RESORT d/b/a SPLIT ROCK;SPLIT ROCK RESORT LLC; STABILIS SPLIT ROCK JV, LLC; SPLIT ROCK DEVELOPMENT, LLC; THY COLLECTION, INC** | : : : : : : : : | JURY TRIAL DEMANDED |
| *Defendants* | : : | |

### COMPLAINT

Plaintiffs, Julie Carro and Joseph Carro, wife, and husband claim of Defendants, Split Rock

Resort d/b/a Split Rock; Split Rock Resort LLC, Stabilis Split Rock JV, LLC; Split Rock

Development, LLC; Thy Collection, INC sums in excess of $75,000.00 in damages, and in support thereof allege and state as follows:

## PARTIES

1. Plaintiff Julie Carro is an adult individual residing at 4274 Navigator Lane, King George, VA 22485.

2. Plaintiff Joseph Carro is an adult individual residing at 4274 Navigator Lane, King George, VA 22485.

3. The Defendant, Split Rock Resort (hereinafter "Split Rock Resort") is, upon information and belief, a Pennsylvania corporation with a registered address and principle place of business at 428 Moseywood Road, Lake Harmony, Pennsylvania 18624.

4. The Defendant, Split Rock Resort, LLC (hereinafter "Split Rock LLC") is, upon information and belief, a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, with a registered address and principle place of business at One Lake Drive, Lake Harmony, Pennsylvania 18624.

5. The Defendant, Stabilis Split Rock JV, LLC (hereinafter referred to as "Stabilis Split Rock") is, upon information and belief, a limited liability company organized and existing under the laws of the State of Delaware, with a registered address at 251 Little Falls Drive, Wilmington, DE 19808 and a principal place of business located at 428 Moseywood Road, Lake Harmony, Pennsylvania 18624

6. The Defendant, Split Rock Development, LLC (hereinafter referred to as "Split Rock Development") is, upon information and belief, is a limited liability company organized

2

and existing under the laws of the State of Delaware, with a registered address at 25l Little Falls Drive, Wilmington, DE 19808.

7. The Defendant, Thy Collection, Inc., (hereinafter "Thy Collection") is, upon formation and belief, a corporation organized and existing under the laws of the State of Delaware, with a registered address and principal place of business at 1675 South State Street, Suite B, Dover, Delaware 19901.

8. Defendants Split Rock Resort, Split Rock LLC, Stabilis Split Rock, and Split Rock Development (hereinafter collectively referred to as "Split Rock") are known to presently and/or in May 2019 at the time of the underling incident own, operate, and/or manage the Split Rock Resort facility existing at 428 Moseywood Road, Lake Harmony, PA 18624.

9. Defendant Thy Collection is known to presently own, operate, and/or manage the Split Rock Resort facility existing at 428 Moseywood Road, Lake Harmony, PA 18624.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over all Defendants as each maintains or at the time of the underlying incident in May 2019 maintained significant contacts with and regularly conducted business in the Middle District of Pennsylvania, thereby making venue appropriate pursuant to 28 U.S.C. § 1391(a).

11. This Court has original jurisdiction over this matter pursuant to 28 U.S.C.S. § 1332 because the matter in controversy exceeds the sum of $75,000.00 and because of the diversity of citizenship existing between Plaintiffs, citizens of Virginia and Defendants, citizens of Pennsylvania of Delaware. *See* 28 U.S.C.S. § 1332(a)(1).

3

**FACTS**

12. This case stems from the serious injuries Plaintiff Julie Carro ("Plaintiff) sustained on or about May 19, 2019, at Split Rock Resort, 428 Moseywood Rd, Lake Harmony, PA 18624.

13. Upon information and belief, on May 19, 2019 and at all times material to this complaint, Split Rock Defendants were the owners, lessors, lessees and/or otherwise legally responsible for the care, control and/or safety of the property at Split Rock Resort.

14. At all times material hereto, Split Rock Defendants were acting individually, jointly and/or by and through their agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises located at Split Rock Resort, 428 Moseywood Rd, Lake Harmony, PA 18624 (hereinafter as "the premises").

15. On or about May 19, 2019, Plaintiff was a business invitee, guest, licensee and/or otherwise legally on Defendants' premises.

16. At all times relevant hereto, Split Rock Defendants, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, had a duty to keep and maintain the aforesaid premises in a reasonably safe condition for those persons lawfully thereon, including Plaintiff.

17. On or about May 19, 2019, while on Defendants' premises, Plaintiff was caused to slip and fall on an unknown liquid or substance on the floor when attempting to enter the bathroom near the basketball court on the premises, which was in a defective and/or dangerous condition, causing Plaintiff to fall and suffer serious and permanent injuries.

18. Plaintiff was unable to see or detect the existence of the unknown liquid prior to

4

or at the time of her fall.

19. Plaintiff fell and struck her head on the concrete wall surrounding the bathroom area, fell backwards, and landed on the concrete floor. Her shoulder also struck the hard concrete, causing injury. She had immediate pain on her right side of her head and body. She felt paralyzed from the shock and pain.

20. Immediately after the fall, several individuals came to Plaintiff's aide. Plaintiff's traveling acquaintance found her on the floor lying on her back holding the right side of her head. A group of young men playing basketball, an employee (upon information and belief), and a security guard from Split Rock Resort (upon information and belief) also witnessed Plaintiff on the floor after the fall. 911 was notified and paramedics responded to the incident.

21. The staff at Split Rock Resort was immediately notified of the dangerous condition on the floor and of Plaintiff's fall. Upon information and belief, photographs were taken of the scene of the incident, including some photographs that were taken by the Split Rock security guard.

22. Plaintiff was taken to Geisinger Wyoming Valley Medical Center by ambulance. There, she was diagnosed with contusion of the scalp and contusion of right shoulder, and a CT of cervical spine showed "straightening of cervical lordosis." Plaintiff was discharged that same day to rest and recover from her accident.

23. Subsequently, Ms. Carro continued to experience pain in her head and shoulder, headaches, loss of balance, fogginess, confusion, and visual problems. As a result, she began treating with her primary care physician, a physical therapist, a speech language pathologist, a

5

psychologist, a concussion clinic, an orthopedic practice, and a neuropsychologist. Her treatment is ongoing. Plaintiff was ultimately diagnosed with a "significant concussion" and Traumatic Brain Injury-associated symptoms from the May 19, 2019 incident.

24. This incident caused Plaintiff Julie Carro to sustain severe, permanent, and disabling personal injuries, including but not limited to: pain, concussion, traumatic brain injury symptomatology, cognitive deficits, ongoing memory loss, depression, anxiety, and posttraumatic stress disorder.

25. Split Rock Defendants, acting individually, jointly and/or by and through their agents, servants, franchisees, workmen and/or employees, negligently and/or carelessly allowed and permitted the dangerous and unsafe condition to exist, including but not limited to, the unknown liquid on the floor which directly resulted in the Plaintiff's injuries.

26. Split Rock Defendants knew or should have known of this hazardous condition and had reasonable notice of it.

27. Due to her injuries, Plaintiff underwent and continues to undergo numerous treatment evaluations and required additional medical care and treatments

28. Plaintiff has been unable to fully return to work since this accident as a result of the injuries she suffered.

29. Plaintiff continues to experience pain, limitations, and emotional distress, and continues to incur medical expenses as a result of the injuries caused by this accident.

## COUNT I – NEGLIGENCE

## JULIE AND JOSEPH CARRO V. SPLIT ROCK RESORT d/b/a SPLIT ROCK; SPLIT ROCK RESORT LLC; STABILIS SPLIT ROCK JV, LLC; SPLIT ROCK DEVELOPMENT, LLC; THY COLLECTION, INC

30. On or about May 19, 2019, Split Rock Defendants individually and/or by and through their agents, servants, and/or employees had a duty to maintain the premises and all of their public facilities contained therein in a reasonably safe condition for persons lawfully on said premises, including Plaintiff Julie Carro.

31. Split Rock Defendants individually and/or by and through their agents, servants and/or employees, failed to maintain the premises, including the entrance area leading to the bathroom in or near the basketball court, in a reasonably safe condition, such that the area became hazardous to individuals on the premises.

32. Defendant Thy Collection is, upon information and belief, a present owner, operator, or manager of the Split Rock Resort and/or the Split Rock Defendants and successor in interest to any and all of the Resort's liabilities, negligence, and/or violations of the law, and as such is vicariously liable for all negligence attributed to the Split Rock Defendants.

33. Defendants knew, or in the exercise of reasonable care should have known, of the hazardous conditions on the premises and the unreasonable risk of harm to individuals such as Plaintiff.

34. Defendants possessed superior knowledge regarding the risk posed by the hazardous conditions on the premises.

35. Defendants knew or should have known that individuals such as Plaintiff would not discover, and/or would fail to protect themselves against the hazardous conditions on thepremises.

7

36. Defendants, individually and/or by and through its agents, servants, and/or employees, disregarded their duties and failed to exercise reasonable care, rendering the aforesaid location dangerous and unsafe for use.

37. Defendants, as the maintainer of the premises, either individually or by and through their agents, servants, workmen, and/or employees, acted with less than reasonable care by:

 (a) Improperly operating, managing, maintaining, and controlling the premises;

 (b) Failure to design, construct, maintain, and/or repair the premises, the floor of the premises around the bathroom in or near the basketball court facility over which invitees, licenses and/or others are likely to travel, rendering the premises unsafe;

 (c) Failure to properly monitor, test, inspect or clean the premises, floor, pathways, walkways and/or other areas on the premises, to see if there were dangerous or defective conditions to those legally on the premises;

 (d) Failure to provide sufficient warning as to the reasonablyforeseeable defects and dangerous nature of the premises, floor, pathways, walkways and/or other areas on the premises, to such invitees, licensees and/or others legally on the premises;

 (e) Failure to barricade and/or block-off the defective and/or dangerous area of the premises, floor, pathways, walkways and/or other areas on the premises;

 (f) Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises, floor, pathways, walkways and/or other areas on the premises;

 (g) Failure to comply with all building codes, county, township, and city laws, ordinances and regulations, including any relevant Occupational Safety and Health Administration (OSHA) requirements, pertaining to the design, construction, and maintenance of the aforementioned premises;

 (h) Failing to exercise the proper care, custody and control over the aforesaid premises;

(i) Failure to inspect, maintain and/or repair known and/or unknown defects;

(j) Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

(k) Failure to repair the premises, floor, pathways, walkways and/or other areas on the premises;

(l) Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained premises, floor, pathways, walkways and/or other areas on the premises, so as to cause unreasonable risk of harm to pedestrians on the premises;

(m) Failing to properly and adequately repair the premises, floor, pathways, walkways and/or other areas on the premises in accordance with local code and/or other applicable codes;

(n) failing to warn individuals such as Plaintiff of the hazardous conditions surrounding the pathways, walkways and/or other areas on the premises, when Defendants knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury;

(o) failing to make a reasonable inspection of the premises when it knew, or in the exercise of ordinary care should have known, that said inspection was necessary to prevent injury to individuals such as Plaintiff; and/or

(p) failing to use reasonable care under all circumstances.

38. The negligence and/or carelessness of the Defendants were the direct and sole cause of the poorly maintained area on the premises, causing the premises to be unsafe.

39. As a business invitee, Plaintiff was owed the highest duty of care under the law.

40. As a direct and foreseeable result of the negligent and/or careless conduct of the Defendants described above, Plaintiff suffered serious impairment of bodily function and permanent serious injury and aggravation of pre-existing conditions, and other ills and injuries, all to Plaintiff's great loss and detriment.

41. Plaintiff has endured pain and suffering, has suffered economic loss, including

significant expenses for medical care and treatment, and will continue to incur such expenses in the future. Plaintiff's injuries and damages are prolonged and/or permanent and will continue into the future.

42. As a direct and foreseeable result of this incident, Plaintiff has been compelled to expend various sums of money for medical care and medical treatment in attempting to alleviate and cure the aforesaid injuries and may be required to expend additional sums for the same purpose in the future.

43. As an additional result of the carelessness and/or negligence of Defendants, Plaintiff has suffered severe emotional injuries, along with the physical injuries suffered.

44. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

## COUNT II – LOSS OF CONSORTIUM
### JOSEPH CARRO V. SPLIT ROCK RESORT d/b/a SPLIT ROCK; SPLIT ROCK RESORT LLC; STABILIS SPLIT ROCK JV, LLC; SPLIT ROCK DEVELOPMENT, LLC; THY COLLECTION, INC

45. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint, as if fully set forth herein.

46. At all relevant times, Plaintiff Julie Carro was the lawfully wedded wife of Plaintiff Joseph Carro.

47. As a result of the injuries sustained by Plaintiff Julie Carro, Plaintiff Joseph Carro has been and will continue to be deprived of the love, assistance, companionship, consortium and society of his wife, who had and continues to be disabled in whole or part as a result of this incident, all to his great loss and detriment.

WHEREFORE, Plaintiffs Julie Carro and Joseph Carro demand judgment in Plaintiffs' favor and against Defendants in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and any other relief that this Court deems fair and just.

                                                                   Respectfully submitted,

Dated: May 18, 2021

Tobias L. Millrood
Michael G. Daly
Attorney I.D. No. 77764/309911
161 Washington Street, Suite 250
Conshohocken, PA 19428
Tel: (610) 941-4204
tmillrood@pogustmillrood.com
mdaly@pogustmillrood.com
***Attorney for Plaintiffs***

## **VERIFICATION**

I, Gabriel C. Magee verify that upon my knowledge or information and belief the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge. This statement is made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

DATED: May 18, 2021

                                                  Tobias L. Millrood
                                                  PA Bar No. 77764
                                                  Pogust Millrood LLC
                                                  161 Washington Street, Suite 250
                                                  Conshohocken, PA 19428
                                                  *Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically transmitted the foregoing document to the Clerk of the United States District Court using the CM/ECF system for filing and service to all parties/counsel registered to receive copies in this case.

DATED: May 18, 2021

_____
Tobias L. Millrood
PA Bar No. 77764
Pogust Millrood LLC
161 Washington Street, Suite 250 Conshohocken, PA 19428
*Counsel for Plaintiffs*